UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JEWEL SIMS,                                )
                                           )
        Plaintiff,                         )
                                           )   No.   1:17-CV-013-JRG-CHS
v.                                         )
                                           )
LEOTIS FREEMAN, STEVEN                     )
JOHNSON, MIKE DOE, and COFFEE              )
COUNTY SHERIFF'S DEPARTMENT,               )
                                           )
        Defendants.                        )

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. On January 13, 2017, this Court entered a deficiency order allowing Plaintiff thirty days from the date of entry of the order to file the documents required to proceed *in forma pauperis* [Doc. 3]. Plaintiff did not comply with this order or otherwise communicate with the Court. As such, on May 18, 2018, the Court entered an order requiring Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute within fifteen days of entry of this order [Doc. 4]. More than fifteen days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this matter will be **DISMISSED** due to Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Federal Rule of Civil Procedure 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff either received the Court's order and decided not to respond thereto, or failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires.

As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's order.

As to the third factor, the Court warned Plaintiff that the Court may dismiss the case if Plaintiff did not timely comply with the Court's previous orders [Doc. 3 p. 2;. Doc 4 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was seeking leave to proceed *in forma pauperis* in this action [Doc. 1] and Plaintiff has not pursued this action since filing his complaint and motion for leave to proceed *in forma pauperis* [Docs. 1 and 2] more than a year ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE